[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for dissolution of marriage. After trial as a limited contested matter, with both parties present and represented by counsel, the Court makes the following findings and orders, applying the criteria of Sections 46b-81 and 46b-82 of the Connecticut General Statutes. CT Page 1823
The parties were married on July 7, 1973 at Seabrook, New Hampshire and the plaintiff has resided in Connecticut for longer than one year next before the bringing of the action. There are no children issue of the marriage and the marriage has broken down irretrievably. There is no governmental agency contributing to the support of either party.
The marriage is ordered dissolved.
The Court does not ascribe fault of the breakdown to either party. It suffices that excessive use or alcohol and arguments between them were commonplace. Dissolution proceedings commenced some eight years ago but the parties reconciled.
There is a jointly owned home with an equity of $100,000.00. The plaintiff seeks either a transfer of the defendant's interest or an immediate lump sum of half the value. The defendant would like to keep the house which the parties have owned for approximately fifteen years, and the Court believes his proposal which will enable him to do so is substantially appropriate.
The plaintiff is to quitclaim to the defendant all of her right, title and interest in and to the jointly owned real estate known as 74 Handle Road, Stafford Springs, Connecticut, in exchange for a promissory note, secured by a mortgage, in the amount of $50,000. Said promissory note shall contain the usual conditions as to Attorney's fees and costs of collection, and shall carry a rate of interest of 9% per annum and be payable in sixty (60) monthly installments. In the event the property is sold, or the defendant dies or remarries, any unpaid balance shall be paid in full.
The defendant shall pay the plaintiff periodic alimony of $75.00 per week for 104 weeks.
The defendant will maintain the plaintiff on his health insurance policy under Cobra for the statutorily permitted period, or until such time as she becomes covered under a group policy of her own, whichever is sooner.
Defendant will assign the plaintiff the sum of $30,000.00 in his retirement plan and complete any documents necessary to effectuate the assignment of said portion of his retirement plan. It is the intent of the Court that the plaintiff shall be entitled to said amount plus any interest or increase in value which may accrue to said sum between the CT Page 1824 date of this judgment and the eligibility to receive the funds, i.e., the defendant's death or retirement, or other leaving of his employment.
The defendant shall pay the sum of $500.00 to the plaintiff as counsel fees within sixty (60) days.
Klaczak, J.